### A. HUMPHRIES V. THE STATE.

No. 2892. Decided December 23, 1913.

**1.—Keeping Disorderly House—Statement of Facts.**

Where the purported statement of facts was neither signed by appellant's counsel nor approved by the county judge, the same could not be considered on appeal.

**2.—Same—Practice on Appeal.**

In the absence of a statement of facts, the indictment being sufficient in law, the conviction must be sustained.

Appeal from the County Court of Wichita. Tried below before the Hon. C. B. Felder.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of running a disorderly house. There is a paper in the record purporting to be a statement of facts, but it is not signed by appellant's counsel and has not been approved by the county judge. Under such circumstances it can not be considered, as a statement of facts must be verified by the trial judge's signature. In section 1169 of White's Annotated Code Criminal Procedure will be found collated a long list of authorities holding that a document purporting to be a statement of facts, but not approved by and signed by the judge constitutes no part of the record, and in this court the case stands as though there had been no effort to make a statement of facts, and the refusal of a new trial can not be reviewed, if the indictment or information is sufficient in law. In this case the information is sufficient.

Affirmed.

*Affirmed.*

DAVIDSON, JUDGE, absent.